UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MICHAEL L. KING,

          Plaintiff,

         v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

         Defendant.

No. 2:14-CV-0335-JTR

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS

**BEFORE THE COURT** are cross-Motions for Summary Judgment. ECF No. 16, 19. Attorney Joseph M. Linehan represents Michael L. King (Plaintiff); Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income (SSI) in February 2011, alleging disability since August 15, 2009, due to body injuries: neck, back, knee and arm problems. Tr.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 1

220.  Plaintiff indicates he stopped working because of his condition on December 30, 2008.  Tr. 220.  Plaintiff's applications were denied initially and upon reconsideration.

Administrative Law Judge (ALJ) R.J. Payne held a hearing on February 4, 2013, Tr. 40-72, and issued an unfavorable decision on March 1, 2013, Tr. 22-34.  The Appeals Council denied review on August 21, 2014.  Tr. 1-7.  ALJ Payne's March 2013 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on October 14, 2014.  ECF No. 1, 4.

**STATEMENT OF FACTS**

Plaintiff was born on July 29, 1974, and was 35 years old on the alleged disability onset date, August 15, 2009.  Tr. 55.  Plaintiff earned his GED in 1998.  Tr. 221.  His "Disability Report" indicates he last worked as a senior tech for a carpet cleaning business in 2008.  Tr. 221.  He also reported work in 2003 as a security guard, waiter and yardman for a lumber company.  Tr. 221.  He testified at the administrative hearing that he is unable to return to this past work because of his "body . . . and mental health."  Tr. 61.

At the administrative hearing, Plaintiff testified his left knee gives out and it hurts to walk, and he has "extreme pain" in his low back and neck area.  Tr. 55, 61.  He also stated he has experienced intestinal issues since an October 2012 surgery for colon cancer.  Tr. 56-58.  He has to use the bathroom 10 to 15 times a day and has accidents during the day and in his sleep.  Tr. 56.  He described side effects from medications as causing him to be "extremely tired, groggy, [and] funny in the head."  Tr. 58.  Plaintiff testified he additionally suffers from delusions, hears voices, talks to people that are not there and has problems with hostility.  Tr. 58.  He indicated he has been diagnosed with schizophrenic tendencies and has attended counseling sessions at CHAS for his mental issues for approximately two years.  Tr. 58-60.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 2

When asked about a typical day, Plaintiff stated he either stays at home or travels about 30 minutes away to visit his father. Tr. 62-63. During the day, he tries to help his children by preparing meals. Tr. 68. He also watches TV and reads. Tr. 68-69. He attends hour-long church services at least once a month. Tr. 69. Plaintiff stated he could walk less than a block at one time before having to stop and rest, sit for approximately 10 minutes before needing to stand or readjust, and stand for about 10 minutes at one time. Tr. 62. He indicated the heaviest item he is able to lift or carry is a gallon of milk. Tr. 62.

Anthony E. Francis, M.D., testified as a medical expert at the administrative hearing. Tr. 43-54. He indicated the record reflected a diagnosis of arthrofibrosis of the left knee; bilateral shoulder impingement; a chronic pain syndrome; and problems with Plaintiff's colon, known as familial adenomatous polyposis, a genetic condition which causes polyps to develop in the colon. Tr. 44. Dr. Francis stated Plaintiff underwent a total proctocolectomy and loop ileostomy as a result of his colon issues. Tr. 44. Dr. Francis also noted records reflected low back pain and probable chronic pain syndrome. Tr. 45-46. Dr. Francis testified he felt Plaintiff had enough pathology to equal Listing 1.02(A) or 1.02(B), but he did not see an opinion of record which indicated Plaintiff absolutely could not work other than a report from a chiropractor. Tr. 47-48. He also mentioned Plaintiff's bowel issue, and need to use the bathroom 15 times a day, further complicated Plaintiff's situation. Tr. 49-50. Dr. Francis stated Plaintiff "could reasonably equal 1.02(A), 1.02(B) combination with issues with the bowel," but, other than the opinion by the chiropractor, there was no evidence of record stating that Plaintiff could not work. Tr. 50. Specifically ignoring the RFC assessment by the chiropractor, Dr. Francis indicated Plaintiff would be capable of performing a restricted range of sedentary level work. Tr. 51-52. However, he additionally stated that taking into consideration evidence of chronic pain, Plaintiff could potentially be at less than the sedentary exertion level. Tr. 52.

**STANDARD OF REVIEW**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed de novo, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL EVALUATION PROCESS**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see, Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This

burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform.  *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004).  If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

The ALJ found Plaintiff had not engaged in substantial gainful activity since August 15, 2009, the alleged onset date.  Tr. 24.  At step two, the ALJ determined Plaintiff had the severe impairments of degenerative disc disease; bilateral knee problems status post left knee surgery; status post bilateral shoulder surgeries; diagnosis of colon cancer in April 2012 status post-surgical treatment; and chronic pain syndrome.  Tr. 24.  The ALJ specifically determined Plaintiff's mental health symptoms did not cause more than minimal limitations in his ability to perform basic mental work activities, and he thus did not find Plaintiff suffered from a severe mental health impairment.  Tr. 28-29.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  Tr. 30.  The ALJ assessed Plaintiff's RFC and determined he could perform a restricted range of sedentary exertion level work.  Tr. 30.  The ALJ found Plaintiff can lift and carry 10 pounds occasionally or frequently; can stand and/or walk 2 hours in an 8-hour day; cannot work around unprotected heights or climb ladders, ropes, or scaffolds; can occasionally climb stairs or ramps, balance, stoop, kneel, crouch, or crawl; and should avoid concentrated exposure to industrial cold and vibrations.  Tr. 30.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 5

At step four, the ALJ found Plaintiff was unable to perform his past relevant work. Tr. 33. However, at step five, the ALJ determined that, considering Plaintiff's age, education, work experience and RFC, and based on the Medical-Vocational Guidelines, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy. Tr. 33-34. The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from August 15, 2009, the alleged onset date, through the date of the ALJ's decision, March 1, 2013. Tr. 34.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) concluding he did not have a severe mental impairment at step two of the sequential evaluation process; (2) failing to accord weight to the opinion of chiropractor Robert Perkes, D.C.; and (3) failing to provide proper rationale for rejecting Plaintiff's subjective complaints.

## DISCUSSION

**A.    Step Two**

Plaintiff first contends the ALJ erred when he concluded Plaintiff did not have a severe psychological impairment at step two of the sequential evaluation process. ECF No. 16 at 9-12. Defendant responds there was "insufficient evidence" to support Plaintiff's allegations of severe mental impairments and, based on the evidence available, "the ALJ's finding that Plaintiff did not have any severe mental impairments was supported by substantial evidence." ECF No. 19 at 7, 8.

Plaintiff has the burden of proving he has a severe impairment at step two of the sequential evaluation process. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.912. In order to meet this burden, Plaintiff must furnish medical and other evidence that

1    shows he has a severe impairment.  20 C.F.R. § 416.912(a).  The regulations, 20
2    C.F.R. §§ 404.1520(c), 416.920(c), provide that an impairment is severe if it
3    significantly limits one's ability to perform basic work activities.  An impairment
4    is considered non-severe if it "does not significantly limit your physical or mental
5    ability to do basic work activities."  20 C.F.R. §§ 404.1521, 416.921.  "Basic work
6    activities" are defined as the abilities and aptitudes necessary to do most jobs.  *See*
7    20 C.F.R. §§ 404.1521(b), 416.921(b).

8          Step two is "a de minimis screening device [used] to dispose of groundless
9    claims."  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  An ALJ may find
10   a claimant lacks a medically severe impairment or combination of impairments
11   only when this conclusion is "clearly established by medical evidence."  S.S.R. 85-
12   28; *Webb v. Barnhart*, 433 F.3d 683, 686-687 (9th Cir. 2005).  In reviewing the
13   claimed error, the Court must consider whether the record includes evidence of a
14   severe impairment and, if so, whether the ALJ's response to that evidence was
15   legally correct.

16         In this case, the ALJ concluded Plaintiff has severe physical impairments;
17   however, the ALJ evaluated the evidence of record, considered the hearing
18   testimony and concluded Plaintiff did not have a severe, medically determinable
19   mental impairment.  Tr. 24-29.  The ALJ noted he concurred with the opinion of
20   psychological consultant, Edward Beaty, Ph.D., that the record failed to show the
21   severity of mental health symptoms that would warrant a finding of "severe."  Tr.
22   29.

23         Although Plaintiff ultimately bears the burden of establishing his disability,
24   *see Bowen*, 482 U.S. at 146, the ALJ has an affirmative duty to supplement
25   Plaintiff's medical record, to the extent it is incomplete, before rejecting his claim
26   of a severe mental impairment.  *See* 20 C.F.R. § 404.1512(e)(1); S.S.R. 96-5p
27   (1996).  "In Social Security cases the ALJ has a special duty to fully and fairly
28   develop the record and to assure that the claimant's interests are considered."

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 7

*Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). The ALJ's duty to supplement Plaintiff's record is triggered by ambiguous evidence, the ALJ's own finding that the record is inadequate or the ALJ's reliance on an expert's conclusion that the evidence is ambiguous. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

Here, at a minimum, the medical evidence was sufficiently ambiguous with regard to Plaintiff's mental impairments to trigger the ALJ's duty to fully and fairly develop the record. The medical records, as outlined below, demonstrate mental problems sufficient to pass the de minimis threshold of step two of the sequential evaluation process. *See Smolen*, 80 F.3d at 1290.

The record reflects Plaintiff has been continuously assessed as having depression and has been prescribed antidepressant medication. For instance, on November 10 and November 22, 2010, Michael K. Turner, MD, diagnosed Plaintiff with depression, Tr. 374, 380, and a May 6, 2011, mental health evaluation by Chad Anderson, MSW, revealed a diagnosis of major depressive disorder recurrent, moderate, and a GAF score of 47, indicative of serious symptoms, Tr. 409. Moreover, on June 27, 2011, Laurie Zimmerman, M.D., noted Plaintiff had been previously treated with Zoloft, Wellbutrin and Cymbalta for his depressive symptoms. Tr. 418. At that time, Dr. Zimmerman diagnosed major depressive disorder, single episode, moderate, and gave Plaintiff a GAF score of 50, indicating serious symptoms. Tr. 418-419. Dr. Zimmerman diagnosed major depressive disorder, single episode, moderate on August 10, 2011, Tr. 417, and major depressive disorder, single episode, severe with psychotic features on October 18, 2011, Tr. 416. April and June 2012 progress notes also indicate Plaintiff had been diagnosed with major depressive disorder, with psychotic features, and had taken medications for his mental health symptoms. Tr. 444-455. A diagnosis of major depressive disorder is noted by surgeon Adam H. Juviler, M.D., on July 16, 2012, Tr. 528-529, and September-November 2012 records from

Community Health Association of Spokane (CHAS) reveal diagnoses of Schizophrenic Disorder, Paranoid, and GAF scores of 48 and 52, indicative of serious and moderate symptoms respectively, Tr. 588, 594.  Frontier Behavioral Health progress notes additionally indicate a diagnosis of schizoaffective disorder, and schizoaffective disorder, depressed, in March and April 2013.  Tr. 642, 658, 670, 677.  Plaintiff was given a GAF Score of 40 and 35 on these occasions, indicating some impairment in reality or major impairment in several areas.  Tr. 658, 670, 677.

It is apparent from the foregoing medical evidence that Plaintiff's claim of severe mental impairments was not "groundless."  *Smolen*, 80 F.3d at 1290; *Webb*, 433 F.3d at 688.  The Court thus finds the ALJ erred at step two of the sequential evaluation process.  This matter must be remanded for additional proceedings in order for the ALJ to take into consideration Plaintiff's severe mental impairments and the limitations those mental impairments have on Plaintiff's functionality.  Although the Court finds that the ALJ erred at step two with respect to Plaintiff's mental condition, it is not clear from the record, as it currently stands, whether Plaintiff's severe physical and mental impairments, either singly or in combination, would prevent him from performing substantial gainful employment.  Further development is necessary for a proper determination.

**B.    Plaintiff's Credibility**

Plaintiff contends the ALJ also erred by failing to provide valid reasons for rejecting his subjective complaints.  ECF No. 16 at 15-16.

It is the province of the ALJ to make credibility determinations.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  However, the ALJ's findings must be supported by specific cogent reasons.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence.  *Reddick v. Chater*, 157

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 9

F.3d 715, 722 (9th Cir. 1998).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing."  *Smolen v.* Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).  "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, the ALJ provided some valid reasons for finding Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely credible.  Tr. 31-32.  The ALJ indicated the record reflected noncompliance issues, *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment may cast doubt on Plaintiff's subjective complaints), and possible drug seeking behavior by Plaintiff, *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001) (an ALJ may properly considered drug-seeking behavior in assessing Plaintiff's credibility).  Elsewhere in the decision, the ALJ noted that, inconsistent with the level of his complaints, Plaintiff had received minimal mental health counseling.  Tr. 28.  An "unexplained, or inadequately explained, failure to seek treatment may be the basis for an adverse credibility finding unless one of a 'number of good reasons for not doing so' applies."  *See Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007).  However, the Ninth Circuit has also held that a lack of mental health treatment is a questionable basis on which to reject a claim of a mental impairment.  *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (stating "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation") (citation and inner quotation marks omitted)).

In any event, as discussed above, this matter must be remanded for additional proceedings in light of the ALJ's erroneous step two determination.  On

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 10

remand, the ALJ shall reconsider Plaintiff's statements and testimony and discuss what statements, if any, are not credible and, if necessary, what evidence undermines those statements.

## C.   "Other Source" Evidence

Plaintiff additionally contends the ALJ erred by failing to accord appropriate weight to the opinion of chiropractor Robert Perkes, D.C.  ECF No. 16 at 13-15.

Chiropractor Perkes completed a Lumbar Spine Residual Functional Capacity Questionnaire form on January 3, 2012.  Tr. 420-425.  He opined Plaintiff could walk zero blocks without rest or severe pain; sit for 15 minutes and stand for 15 minutes at a time; stand/walk for less than 2 hours in an 8-hour workday; sit for 4 hours in an eight-hour workday; would need unscheduled breaks hourly, for at least 5 minutes each hour, in an eight-hour workday; could occasionally lift 10 pounds; and could frequently lift less than 10 pounds.  Tr. 422-423.  The chiropractor believed Plaintiff would be absent from work about three times a month as a result of his impairments or treatment.  Tr. 424.

As a chiropractor, Robert Perkes' opinion is not the opinion of an acceptable medical source.  He is considered an "other source."  20 C.F.R. §§ 404.1513(d), 416.913(d) (other sources include chiropractors, nurse practitioners, physicians' assistants, therapists, teachers, social workers, family members and friends).  The opinion of an acceptable medical source is given more weight than that of an "other source."  20 C.F.R. §§ 404.1527, 416.927; *Gomez v. Chater*, 74 F.3d 967, 970-971 (9th Cir. 1996).  However, the ALJ is required to "consider observations by [other] sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987).  Pursuant to *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993), an ALJ is obligated to give reasons germane to "other source" testimony before discounting it.

As determined above, this matter will be remanded for additional proceedings.  On remand, the ALJ shall take into account Plaintiff's severe mental

impairments and limitations and reconsider Plaintiff's statements and testimony. The ALJ shall additionally reassess Plaintiff's RFC, taking into consideration the opinions of Robert Perkes, D.C., Tr. 420-425, and all other medical evidence of record relevant to Plaintiff's claim for disability benefits.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for an immediate award benefits.  The Court has the discretion to remand the case for additional evidence and findings or to award benefits.  *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose.  *Id.*  Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989).  In this case, the Court finds that further development is necessary for a proper determination to be made.

On remand, the ALJ shall revisit step two of the sequential evaluation process and take into consideration Plaintiff's severe mental impairments and the limitations stemming from those impairments; reexamine Plaintiff's statements and testimony; and reassess Plaintiff's RFC, taking into consideration the opinions of Robert Perkes, DC, Tr. 420-425, and all other medical evidence of record relevant to Plaintiff's claim for disability benefits.  The ALJ shall develop the record further by requiring Plaintiff to undergo new consultative physical and psychological examinations prior to a new administrative hearing and, if warranted, by eliciting medical expert testimony to assist the ALJ in formulating a new RFC determination.  The ALJ shall obtain testimony from a vocational expert and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1.     Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED, in part**.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 12

2.      Defendant's Motion for Summary Judgment, **ECF No. 19**, is **DENIED**.

3.      The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.      An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide copies to counsel.  **Judgment shall be entered in favor of Plaintiff,** and the file shall be **CLOSED**.

DATED August 3, 2015.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE